IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

      **Plaintiff,**

      v.                                                                                    COMPLAINT

**SBEEG HOLDINGS, LLC, SBE RESTAURANT**    JURY TRIAL DEMANDED
**GROUP, LLC, SPOONFUL MANAGEMENT**
**MIAMI, LLC, SBE HOTEL GROUP, LLC,**
**SBEHG 1701 COLLINS MIAMI, LLC, SBE**
**ENTERTAINMENT GROUP, LLC, 1701**
**COLLINS (MIAMI) MANAGER, LLC, 1701**
**COLLINS (MIAMI) OPERATING COMPANY,**
**LLC D/B/A SLS HOTEL SOUTH BEACH, 1701**
**MIAMI (OPERATOR), LLC**

      **Defendants.**

_____/

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, Title I of the Civil Rights Act of 1991, and 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race (Black), national origin (Haitian), and/or color (Black) and to provide appropriate relief to Charging Parties Cedene Beaubrun, Lauriana Cayo, Idalia Corvil, Rody Charles, Simone Delphin, Fenda Esperance Fenelus, Yvon Georges, Jonathan Homilus, Cenoulia Lifaute, Luckner Lindor, Clautaire D. Petit Frere, Mania Toussaint, Sterlin Thelemaque, Claudia Valliere, Jean Vixamar, (the "Charging Parties") and a class of other Black Haitian Steward/Dishwashers who were wrongfully terminated on the basis of their race, national origin, and color (hereinafter collectively referred to as "Aggrieved Kitchen Workers").

1

Specifically, Plaintiff United States Equal Employment Opportunity Commission ("EEOC") alleges that SBEEG Holdings, LLC, SBE Restaurant Group, LLC, Spoonful Management Miami, LLC, SBE Hotel Group, LLC, SBEHG 1701 Collins Miami, LLC, SBE Entertainment Group, LLC, 1701 Collins (Miami) Manager, LLC, 1701 Collins (Miami) Operating Company, LLC d/b/a SLS Hotel South Beach, and 1701 Miami (Operator), LLC  (collectively referred to as "Defendants" or "SLS Hotel"), terminated Charging Parties and other aggrieved Black Haitian Steward/Dishwashers because of their national origin race, and/or color.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. The EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, and 42 U.S.C. § 2000e-5(f)(1).

4. Defendants are affiliated entities related to the operation, ownership, and management of the SLS Hotel South Beach, including its restaurants, that employed the Aggrieved Kitchen Workers.

5. At all relevant times, the Defendants have continuously been doing business in Miami, Florida and have continuously had at least fifteen employees.

6. SBEEG Holdings, LLC, is a limited liability company, incorporated in the State of Delaware and authorized to do business in the State of Florida, that at all times material to the complaint has conducted business, directly and through its subsidiaries, in the State of Florida.

7. SBE Restaurant Group, LLC is a wholly owned subsidiary of SBEEG Holdings, LLC.

8. SBE Restaurant Group, LLC is a limited liability company, incorporated in the State of Nevada and authorized to do business in the State of Florida, that at all times material to the complaint has conducted business, directly and through its subsidiaries, in the State of Florida.

9. SBEEG Holdings, LLC is the member of SBE Restaurant Group, LLC.

10. Spoonful Management Miami, LLC is a limited liability company, organized under the laws of the State of Florida, and at all times material to the complaint has conducted business in the State of Florida.

11. Spoonful Management Miami, LLC is a wholly-owned subsidiary of SBE Restaurant Group, LLC.

12. SBE Restaurant Group, LLC is the manager of Spoonful Management Miami, LLC.

13. SBE Hotel Group, LLC is a limited liability company, incorporated in the State of Delaware and authorized to do business in the State of Florida, that at all material times to the complaint has conducted business, directly and through its subsidiaries, in the State of Florida.

14. SBE Hotel Group, LLC is a wholly-owned subsidiary of SBEEG Holdings, LLC.

15. SBEEG Holdings, LLC is the authorized member of SBE Hotel Group, LLC.

16. SBEHG 1701 Collins Miami, LLC is a limited liability company organized under the laws of the State of Florida, and has conducted business in the State of Florida.

17. SBEHG 1701 Collins Miami, LLC is a wholly-owned subsidiary of SBE Hotel Group, LLC.

18. SBE Hotel Group, LLC is the manager of SBEHG 1701 Collins Miami, LLC.

19. 1701 Collins (Miami) Manager, LLC is a limited liability company, incorporated in the State of Delaware and authorized to do business in the State of Florida, that at all times material to the complaint has conducted business, directly and through its subsidiaries, in the State of Florida.

20. SBEEG Holdings, LLC is the manager of 1701 Collins (Miami) Manager, LLC.

21. 1701 Collins (Miami) Operating Company, LLC is a limited liability company, incorporated in the State of Delaware and authorized to do business in the State of Florida, that at all times material to the complaint has conducted business, directly and through its subsidiaries, in the State of Florida.

22. 1701 Collins (Miami) Manager, LLC is the manager of 1701 Collins (Miami) Operating Company, LLC.

23. 1701 Collins (Miami) Operating Company, LLC is a subsidiary of 1701 Collins (Miami) Manager, LLC.

24. 1701 Collins (Miami) Operating Company, LLC was the owner of the fictitious names SLS Hotel South Beach, The Bazaar by José Andrés, Hyde Beach, Katsuya South Beach, and The Bazaar at SLS Hotel South Beach, through June 8, 2015.

25. The SBE Entertainment Group, LLC is a limited liability company, organized under the laws of the State of Nevada, that at all times material to the complaint has conducted business, directly and through its subsidiaries, in the State of Florida.

26. Spoonful Management Miami, LLC, SBE Restaurant Group, LLC, SBEHG 1701 Collins Miami, LLC, SBE Hotel Group, LLC, SBEEG Holdings, LLC, and SBE Entertainment Group, LLC all registered their principal corporate address as 3900 Paradise Road, Suite 260, Las Vegas, Nevada 89169.

27. 1701 Collins (Miami) Manager, LLC and 1701 Collins (Miami) Operating Company, LLC registered their principal corporate address as 4700 Wilshire Blvd, Los Angeles, California 90010.

28. 1701 Miami (Operator), LLC is a limited liability company organized under the laws of the State of Florida, and at all times material to the complaint has conducted business in the State of Florida.

29. Since April 20, 2015, 1701 Miami (Operator), LLC is the owner of the fictitious names SLS South Beach, Katsuya, Hyde Beach Bar, and The Bazaar, which are the names of the hotel and restaurants where the Aggrieved Kitchen Workers worked.

30. Since July 30, 2015, 1701 Miami (Operator), LLC is the owner of the fictitious names Katsuya South Beach, Hyde Beach, The Bazaar at SLS South Beach, The Bazaar by José Andrés, and The SLS Hotel South Beach, which are the names of the hotel and restaurants where the Aggrieved Kitchen Workers worked.

31. Defendants operate as an integrated enterprise or single employer by virtue of their common management, the interrelations of their operations, the interrelations of their finances, the centralized control over their labor relations, and their common ownership.

32. Defendants are highly integrated entities with respect to finance, ownership and operations.

33. Defendants are in control of the fundamental aspects of the employment relationship that gave rise to the violations of Title VII stated herein.

34. Defendants had the power to hire, fire, or modify the terms and conditions of the Aggrieved Kitchen Workers' employment.

35. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONDITIONS PRECEDENT

36. More than thirty days prior to the institution of this lawsuit, Charging Parties Cedene Beaubrun, Lauriana Cayo, Idalia Corvil, Rody Charles, Simone Delphin, Fenda Esperance Fenelus, Yvon Georges, Jonathan Homilus, Cenoulia Lifaute, Luckner Lindor, Clautaire D. Petit Frere, Mania Toussaint, Sterlin Thelemaque, Claudia Valliere, and Jean Vixamar filed charges with the Commission alleging violations of Title VII by the Defendants and the Commission issued Letters of Determination as to those charges, finding reasonable cause to believe the discrimination alleged occurred.

37. Prior to initiating this lawsuit, the EEOC's representatives attempted to correct the unlawful employment practices alleged herein through informal methods of conciliation, conference, and persuasion to remedy the discriminatory practices and provide appropriate relief.

38. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

### Defendants' Operations

39. At all times relevant to the Complaint, Defendants have owned and operated the SLS Hotel South Beach, including the restaurants operating within it, located in South Beach in Miami, Florida.

40. Defendants are a global hospitality and entertainment company comprised of a collection of hotels, casinos, residences, restaurants, and nightlife destinations.

41. The SLS Hotel South Beach was the first project on the east coast by SBE Entertainment Group, LLC.

42. Defendants' Operators and Managers played a role in the decision to terminate the Aggrieved Kitchen Workers.

43. Managers of SBE Entertainment Group, LLC were involved in the decision to terminate the Aggrieved Kitchen Workers.

44. Managers of SBE Entertainment Group, LLC played a role in the decision to terminate the Aggrieved Kitchen Workers including, but not limited to, discussions with the executive team.

45. Defendants' Executives and Management were involved in the decision to terminate the Aggrieved Kitchen Workers.

46. Managers of SBEHG 1701 Collins Miami, LLC were involved in the decision to terminate the Aggrieved Kitchen Workers.

47. Managers of Spoonful Management Miami, LLC were involved in the decision to terminate the Aggrieved Kitchen Workers.

48. Defendants' SLS Hotel executive committee was involved in the decision to terminate the Aggrieved Kitchen Workers.

49. As part of their employment, the Aggrieved Kitchen Workers were required to sign employment agreements with Spoonful Management Miami, LLC and/or any of its members, direct or indirect subsidiaries, or affiliates or any direct or indirect subsidiaries or affiliates of SBEEG Holdings, LLC.

50. As part of their employment, certain Aggrieved Kitchen Workers Charging Parties were required to sign employment agreements, including an employee confidentiality and inventions agreement, with numerous corporate entities including, SBEEG Holdings, LLC, SBE Restaurant Group, LLC, SBE Hotel Group, LLC, SBE Real Estate Group, Sahara Redevelopment LLC, and their members, subsidiaries, and affiliates.

51. As part of their employment, the Aggrieved Kitchen Workers signed agreements consenting to a background search and investigation with the entity SBEHG 1701 Miami.

52. The planholder for the health insurance provided to the Aggrieved Kitchen Workers was SBEEG Holdings, LLC.

53. 1701 Collins (Miami) Operating Company, LLC entered into a staffing service agreement with National Service Group, which provided the employees who replaced the Aggrieved Kitchen Workers the same day they were terminated.

54. SBE Hotel Group is listed as an authorized agent in the National Service Group staffing service agreement.

## Charging Parties

55. Charging Parties Cedene Beaubrun, Lauriana Cayo, Idalia Corvil, Rody Charles, Simone Delphin, Fenda Esperance Fenelus, Yvon Georges, Jonathan Homilus, Cenoulia Lifaute,

        Luckner Lindor, Clautaire D. Petit Frere, Mania Toussaint, Sterlin Thelemaque, Claudia Valliere, Jean Vixamar, and other aggrieved Black Haitian employees, held the job title, "Steward/Dishwasher."

56. The Aggrieved Kitchen Workers worked in the kitchen located in the SLS Hotel South Beach to service several restaurants located inside the hotel, including The Bazaar by José Andrés, Katsuya, and Hyde Beach.

57. The job duties of the Aggrieved Kitchen Workers included washing dishes, but also cleaning and other hotel-related tasks as assigned.

58. Although Defendants did not have any written language policy, the Aggrieved Kitchen Workers were reprimanded by management for speaking Creole, even if only speaking Creole one-on-one to a fellow dishwasher while cleaning dishes.

59. Hispanic kitchen workers were allowed to speak Spanish while at work in the presence of non-Spanish speaking employees, but the Aggrieved Kitchen Workers were not allowed to speak Creole.

60. Supervisors, Managers, and Chefs, among others, told the Aggrieved Kitchen Workers not to speak Creole at work, but did not tell Spanish-speaking employees not to speak Spanish at work.

61. Aggrieved Kitchen Workers complained to Human Resources about Defendants' language practices, but there was no correction of the practice.

62. Aggrieved Kitchen Workers were assigned certain cleaning jobs on an individual basis that ordinarily required two or three workers to complete.

63. Aggrieved Kitchen Workers were assigned to carry heavy items up and down the stairs when the service elevator stopped working, while Hispanic workers were not asked to perform these tasks.

64. Aggrieved Kitchen Workers would be called disparaging names by Supervisors, Managers, and/or Chefs and others, including being referred to as "Fuc**** Haitians."

65. In response to requests to fix the broken service elevator and in reference to Black Haitian Stewards/Dishwashers, one Manager stated, "let those slaves do the work."

66. Aggrieved Kitchen Workers were also discouraged from seeking vacant positions outside of the kitchen within the SLS Hotel when positions were available, only to find the positions were later filled by Hispanic employees.

67. On April 9, 2014, the Aggrieved Kitchen Workers were terminated *en masse*.

68. For the Aggrieved Kitchen Workers that were not previously scheduled to work that day, management tricked the workers into coming into work that day by telling them that there was a "big party" or that the kitchen was going to be "extremely busy" and they were needed to work.

69. The Aggrieved Kitchen Workers were all terminated in a similar fashion.

70. One by one, each Aggrieved Kitchen Worker was asked to attend an individual meeting with Human Resources (hereinafter the "Termination Meeting").

71. At each individual Termination Meeting, the Aggrieved Kitchen Workers were informed they could no longer work for Defendants.

72. For those workers who were previously scheduled to work on April 9th, they were pulled aside and terminated after working several hours that day.  These individuals were not paid for the hours they worked on April 9, 2014.

73. Each Aggrieved Kitchen Worker was told that receipt of their final paycheck was conditional upon signing a document entitled "Confidential Separation Agreement and General Release," (hereinafter "Settlement Agreement").

74. The Settlement Agreement was a six-page single-spaced document written in English.

75. The Settlement Agreement was not provided to the Aggrieved Kitchen Workers in the Creole language.

76. The majority of the Aggrieved Kitchen Workers terminated on April 9, 2014 signed the Settlement Agreement on April 9th.

77. Each Termination Meeting lasted only a few minutes.

78. At the time of the Aggrieved Kitchen Workers' terminations, there were no performance problems that led to or caused the terminations.

79. The Aggrieved Kitchen Workers' job performance was not a reason for their termination on April 9, 2014.

80. After each Termination Meeting, each of the Aggrieved Kitchen Workers was immediately escorted off the hotel premises by SLS Hotel security personnel.

81. As of April 9, 2014, new employees dressed in blue uniforms were already working at the SLS Hotel and performing the job tasks that had previously been performed by the Aggrieved Kitchen Workers.

82. The replacement workers were provided to the Defendants by National Service Group ("NSG"), a staffing company to whom Defendants outsourced the Steward/Dishwasher positions as of April 9, 2014.

83. The replacement workers provided by the NSG staffing company to SLS Hotel were made up almost entirely of white and/or Hispanic workers.

84. Manuel Bolio, the only Hispanic Steward/Dishwasher working for Defendants prior to April 9, 2014, was also terminated along with the Aggrieved Kitchen Workers.

85. Mr. Bolio, however, was soon thereafter hired by NSG to work at the SLS Hotel after his termination on April 9, 2014.

86. At the Termination Meetings held on April 9, 2014, Defendants did not provide information about applying to work with NSG to the majority of the Aggrieved Kitchen Workers.

87. None of the Aggrieved Kitchen Workers were provided information about applying to work for NSG before they were terminated on April 9, 2014.

88. The Steward/Dishwasher position was the only position outsourced to a third-party contractor during the relevant time period when the Aggrieved Kitchen Workers were terminated.

89. Between January 1, 2014 and April 30, 2014, there were no other layoffs or outsourcing of any departments other than in the Stewarding Department.

## STATEMENT OF CLAIMS

90. Paragraphs 3-35 and paragraphs 39-89 are incorporated herein.

91. At all times relevant to the Complaint, Defendants engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. 2000e-2 by wrongfully

terminating the Aggrieved Kitchen Workers because of their race (Black), national origin (Haitian), and color (Black).

92. The unlawful employment practices, complained of in paragraphs 39-89 above, were intentional.

93. The unlawful employment practices, complained of in paragraphs 39-89 above, were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Kitchen Workers.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from terminating employees on the basis of national origin, race, and/or color;

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black or Haitian employees, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendants to make whole Charging Parties Cedene Beaubrun, Lauriana Cayo, Idalia Corvil, Rody Charles, Simone Delphin, Fenda Esperance Fenelus, Yvon Georges, Jonathan Homilus, Cenoulia Lifaute, Luckner Lindor, Clautaire D. Petit Frere, Mania Toussaint, Sterlin Thelemaque, Claudia Valliere, Jean Vixamar, and a class of other Black Haitian Steward/Dishwashers who were wrongfully terminated on the basis of their race, national origin, and/or color, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of these

unlawful employment practices including, but not limited to, reinstatement or front pay in lieu thereof, and hiring of Black or Haitian applicants for the Steward/Dishwasher position;

      D.      Order Defendants to make whole Charging Parties Cedene Beaubrun, Lauriana Cayo, Idalia Corvil, Rody Charles, Simone Delphin, Fenda Esperance Fenelus, Yvon Georges, Jonathan Homilus, Cenoulia Lifaute, Luckner Lindor, Clautaire D. Petit Frere, Mania Toussaint, Sterlin Thelemaque, Claudia Valliere, Jean Vixamar, and a class of other Black Haitian Steward/Dishwashers who were wrongly terminated on the basis of their race, national origin and/or color by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 39-89 above including, but not limited to, relocation expenses, job search expenses, medical expenses, penalties for defaulting on loans, moving expenses and the like, in amounts to be determined at trial;

      E.      Order Defendants to make whole Charging Parties Cedene Beaubrun, Lauriana Cayo, Idalia Corvil, Rody Charles, Simone Delphin, Fenda Esperance Fenelus, Yvon Georges, Jonathan Homilus, Cenoulia Lifaute, Luckner Lindor, Clautaire D. Petit Frere, Mania Toussaint, Sterlin Thelemaque, Claudia Valliere, Jean Vixamar, and a class of other Black Haitian Steward/Dishwashers who were wrongly terminated on the basis of their race, national origin, and/or color by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 39-89 above including, but not limited to, emotional and/or physical pain, suffering and mental anguish, humiliation, and loss of enjoyment of life, and the like, in amounts to be determined at trial;

      F.      Order Defendants to pay Charging Parties Cedene Beaubrun, Lauriana Cayo, Idalia Corvil, Rody Charles, Simone Delphin, Fenda Esperance Fenelus, Yvon Georges, Jonathan Homilus, Cenoulia Lifaute, Luckner Lindor, Clautaire D. Petit Frere, Mania Toussaint,

Sterlin Thelemaque, Claudia Valliere, Jean Vixamar, and a class of other Black Haitian Steward/Dishwashers who were wrongly terminated on the basis of their race, national origin, and/or color, punitive damages for Defendants' malicious and reckless conduct, as described in paragraphs 39-89 above, in amounts to be determined at trial;

  G. Grant such further relief as the Court deems necessary and proper in the public interest; and

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

  The Commission requests a jury trial on all questions of fact raised by its Complaint.

         Respectfully Submitted,

         JAMES L. LEE
         Deputy General Counsel
         GWENDOLYN YOUNG REAMS
         Associate General Counsel
         U.S. Equal Employment Opportunity
         Commission
         131 M Street, N.E.
         Washington, D.C. 20507

         ROBERT E. WEISBERG
         Regional Attorney

         KIMBERLY A. CRUZ
         Supervisory Trial Attorney

         s/ Carmen Manrara Cartaya
         CARMEN MANRARA CARTAYA
         Trial Attorney
         Florida Bar No. 0073887
         Tel: 305-808-1786
         Fax: 305-808-1835
         Carmen.Cartaya@eeoc.gov
         U.S. Equal Employment Opportunity
         Commission

Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131

*Attorneys for Plaintiff*

16